# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

IN RE:

**DOUGLAS K. SMITH, MD,**                                    **Bankruptcy Case No. 21-50519-RBK**

     *Debtor.*

_____

**DOUGLAS K. SMITH, MD,**

     *Appellant,*

**v.**                                                      **Case No. SA-21-CV-1047-JKP**

**MEDLEGAL SOLUTIONS, INC.,**                               **(Appeal from Order in Adversary**
**d/b/a Atticus Medical Billing, Inc.,**                    **Proceeding Case No. 21-05082-RBK)**

     *Appellee.*

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is an appeal from an order in Adversary Proceeding Case No. 21-05082-RBK. Pursuant to 28 U.S.C. § 158(a), Appellant Douglas K. Smith, MD, ("Dr. Smith" or "Appellant") appeals an order of the Bankruptcy Court issued on October 12, 2021. Appellant proceeds pro se in this appeal. In the appealed order, the Bankruptcy Court overruled Dr. Smith's objection to lack of standing. On January 3, 2022, the Bankruptcy Court certified Appellee Medlegal Solutions, Inc.'s ("Appellee" or "Medlegal") designation of the record on appeal ("ROA") as complete and transmitted (1) the Appellee's Designation of Record on Appeal (designating no items) and (2) the Bankruptcy Court's docket sheet for the Adversary Proceeding. *See* ECF No. 6. Later that month, the Bankruptcy Court certified Appellant's designation of the ROA as complete and transmitted the items designated by Dr. Smith.[1] ECF No. 12. Appellant filed his appellate brief on January 18, 2022.

---

[1] This transmittal (ECF No. 12) contains seven  attachments: (1) Appellant's Designation of Items to be Included in the Record on Appeal (ECF No. 12-1) listing the designations; (2) Designated Documents (ECF No. 12-2) for Bankruptcy Case No. 21-50519-RBK; (3) a Proof of Claim (ECF No. 12-3) from 21-50519-RBK; (4) Transcripts (ECF No. 12-4) of hearings held November 1 and 23, 2021, in Case No 21-50519-RBK; (5) Designated Documents (ECF No. 12-5) for

*See* ECF No. 10. The next month, Appellee filed its brief (ECF No. 16). Appellant has not filed a reply brief. The appeal is ready for ruling.

Having considered the issues raised in this appeal to the extent necessary, the arguments of the parties, the relevant portions of the record, and the applicable principles of law, the Court finds no need for oral argument and, for the reasons that follow, it dismisses this appeal for lack of jurisdiction.

## I. BACKGROUND

Dr. Smith filed for Chapter 11 bankruptcy on April 30, 2021. *See* 50519 Bankr. ECF No. 1 (Case No. 21-bk-50519). On May 24, 2021, Medlegal filed a notice of appearance as a creditor of Dr. Smith. 50519 Bankr. ECF No. 37. On July 8, 2021, Medlegal commenced Adversary Proceeding Case No. 21-05082 ("AP 5082") against Dr. Smith. *See* 5082 Bankr. ECF No. 1. Pursuant to Fed. R. Bankr. P. 7001(6), Medlegal brought dischargeability claims under 11 U.S.C. § 523(a)(2) (false pretenses, false representation, and actual fraud), (4) (fraud as fiduciary, embezzlement, and larceny), and (6) (willful and malicious injury). *See id*. Medlegal also sought a declaratory judgment under Fed. R. Bankr. P. 7001(9). *Id*.

On August 18, 2021, the Bankruptcy Court converted the Chapter 11 case to a Chapter 7 case and appointed a Trustee. *See* 50519 Bankr. ECF No. 84. On September 23, 2021, in Adversary Proceeding 21-5091-RBK brought by the Chapter 7 Trustee, the Bankruptcy Court entered a Default Judgment against Dr. Smith. *See* 50519 Bankr. ECF No. 146 (entering order on November 17, 2021); 5091 Bankr. ECF No. 9. Among other things, the Bankruptcy Court (1) granted the Trustee's motion for default judgment; (2) sustained the Trustee's complaint objecting to discharge and dischargeability of debts under 11 U.S.C. §§ 523 and 727; (3) denied the discharge of Dr. Smith through

Adversary Proceeding 21-5082-RBK; (6) Additional Designated Documents (ECF No. 12-6) from 21-50519-RBK; and (7) the Bankruptcy Court docket sheet (ECF No. 12-7). When the Court cites to the various bankruptcy filings, it may use Bankr. ECF No. preceded by the relevant bankruptcy case number.

§ 727; and (4) excepted the Trustee's claims against Dr. Smith from discharge pursuant to § 523. *See* 50519 Bankr. ECF No. 146; 5091 Bankr. ECF No. 9. Two days later, Dr. Smith objected to the Bankruptcy Court's September 23, 2021 order. *See* 5091 Bankr. ECF No. 10. The Bankruptcy Court thus set a hearing for October 12, 2021, to consider the objection and the motion for default judgment. *See* 5091 Bankr. ECF No. 13.

On October 1, 2021, Medlegal moved to compel initial disclosure and requested attorney fees in AP 5082. *See* 5082 Bankr. ECF No. 11. The Bankruptcy Court set the matter for hearing. *See* 5082 Bankr. ECF No. 12. On the date of the hearing, October 12, 2021, Dr. Smith objected to Medlegal's motion on grounds that Medlegal lacked standing. *See* 5082 Bankr. ECF No. 14. That same day, the Bankruptcy Court overruled the objection. 5082 Bankr. ECF No. 16. The appealed order (titled Order Overruling Objection) states in full:

> On October 12, 2021, came on to be heard the Debtor's Objection to Plaintiff's Motion to Compel Initial Disclosures and Request Attorney's Fees Due to Lack of Plaintiff's Standing (ECF No. 14), and it appears to the Court that the Objection should be overruled."
>
> It is, therefore, **ORDERED**, **ADJUDGED**, **AND DECREED** that the above-referenced Objection is hereby **OVERRULED**.

ECF No. 1-1.

On the same day that the Bankruptcy Court issued the above order on the objection in AP 5082, it also continued the hearing for the objection and motion for default judgment in AP 5091. *See* Docket Entry of Oct. 12, 2021, in AP 5091. The Bankruptcy Court ultimately held the hearing on November 1, 2021. *See* Docket Entry of Nov. 1, 2021, in AP 5091. It denied the objection by written order in AP 5091 on November 2, 2021. *See* 5091 Bankr. ECF No. 22. Dr. Smith appealed the ruling November 16, 2021. *See* 5091 Bankr. ECF No. 25.

Appellant Dr. Smith commenced this bankruptcy appeal on October 26, 2021, to appeal the order overruling his objection in AP 5082. *See* ECF No. 1. In two identical statements of issues, he lists fourteen issues for appeal. *See* ECF Nos. 4, 13. His appellate brief lists nine issues for review.

*See* ECF No. 10 at 1. Appellee, dissatisfied with Appellant's statement of issues, presents three issues for the Court's consideration: (1) whether the Bankruptcy Court erred in issuing its Order Overruling Objection; (2) whether Appellant has adequately briefed any issue he raises on appeal; and (3) whether the Bankruptcy Court had subject matter jurisdiction over AP 5082. *See* ECF No. 16 at 9.

Initially, Appellee argues that the Court should strike Appellant's brief and dismiss this appeal for the failure of Appellant to adequately brief his issues on appeal. *Id.* at 14. Alternatively, it argues that the Court should affirm the Bankruptcy Court's order on grounds that Appellant has not carried his burden to show any reversible error. *Id*. Through that alternate argument, Appellee urges the Court to (1) find that the Bankruptcy Court had subject matter jurisdiction over AP 5082 and the ability to deny Appellant's objection; (2) find that the Bankruptcy Court committed no reversible error and thus affirm the order overruling objection; and (3) find this appeal frivolous under Fed. R. Bankr. P. 8020 and award Appellee damages, fees, and costs after notice and an opportunity to be heard. *See id*. at 28. Appellant has filed no reply brief.

## II. JURISDICTION

Courts have "a continuing obligation to assure" that they possess jurisdiction and must do so "sua sponte if necessary." *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019). Thus, although neither party argues that this Court lacks jurisdiction over this bankruptcy appeal, the Court has an independent obligation to address its jurisdiction.

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from (1) "final judgments, orders, and decrees" of the bankruptcy court and (2) "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title." District courts also have jurisdiction to hear appeals "from other interlocutory orders and decrees," but only "with leave of the court." *See* 28 U.S.C. § 158(a)(3).

Section 1121 of Title 11 concerns "Who may file a plan" and subparagraph (d) specifically addresses time periods regarding the filing of a Chapter 11 bankruptcy plan. The current appeal does not fall within the limited confines of 28 U.S.C. § 158(a)(2). There is no reason to further consider jurisdiction under § 158(a)(2).

The Court next considers whether the appealed order qualifies as a final order of the Bankruptcy Court under § 158(a)(1). For bankruptcy appeals, "the finality requirement is applied more flexibly" than for general appeals. *La Tierra Interiors, Inc. v. Washington Fed. Sav. (In re Tullius)*, 500 F. App'x 286, 289 (5th Cir. 2012). The Fifth Circuit "has long rejected adoption of a rigid rule that a bankruptcy case can only be appealed as a single judicial unit at the end of the entire bankruptcy proceeding." *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277, 282 (5th Cir. 2000) (citation and internal quotation marks omitted). To be final within the meaning of § 158(a), the appealed "order must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'" *Id.* (quoting *IRS. v. Orr (In re Orr)*, 180 F.3d 656, 659 (5th Cir. 1999)); *accord Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (recognizing that "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.").

"Notwithstanding this more flexible approach to finality in bankruptcy appeals, federal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right." *In re Tullius*, 500 F. App'x at 289. Here, Appellant appeals an order of the Bankruptcy Court that overruled his objection to Medlegal's motion to compel disclosures and request for attorney fees. Thus, although this perhaps may not technically qualify as a discovery order, the order relates directly to the discovery motion presented. More importantly, the order of the Bankruptcy Court does not constitute a final determination of the right of any party to secure relief sought or a final disposition of any

5

discrete dispute within the larger bankruptcy case. Because the Bankruptcy Court order is not a final order, this Court lacks jurisdiction over this appeal.

The appeal fares no better even when the Court considers the jurisdictional nature of Appellant's overruled objection. Given its jurisdictional nature, the filed objection can reasonably be construed as a motion to dismiss filed by the pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (recognizing that courts liberally construe pro se pleadings); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) (recognizing that courts afford liberal construction to pro se briefs). But such construction does not change the outcome of this appeal. Even construed as a motion to dismiss, the subsequent order is not a final order under 28 U.S.C. § 158(a)(1). The Fifth Circuit has long recognized that a denial of a motion to dismiss for lack of subject matter jurisdiction is a non-final bankruptcy order. *See Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 234-35 (5th Cir. 1988); *Path-Science Labs., Inc. v. Greene Cnty. Hosp. (In re Greene Cnty. Hosp.)*, 835 F.2d 589, 590-91 (5th Cir. 1988) ("We are convinced that a bankruptcy court's determination that it does have subject matter jurisdiction over a case is not a final order."); *In re Tullius*, 500 F. App'x at 288 n.5. This comports with non-bankruptcy precedent. *See Catlin v. United States*, 324 U.S. 229, 236 (1945) ("But denial of a motion to dismiss, even when the motion is on jurisdictional grounds, is not immediately reviewable."); *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 448 (5th Cir. 2022) ("Because an order denying a motion to dismiss is not a final decision, it 'ordinarily does not constitute an immediately appealable order.'").[2] The Supreme

---

[2] *Planned Parenthood* addressed finality under 28 U.S.C. § 1291 and recognized that there are exceptions under § 1292, which were inapplicable to the case. *See* 24 F.4th at 448 & n.9. It also addressed the "collateral-order doctrine" which "permits appellate courts to hear appeals of interlocutory orders that '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment.'" Id. at 448 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) and citing *Microsoft Corp. v. Baker*, 582 U.S. 23, 29 n.3 (2017)). The collateral-order doctrine provides no recourse for an appeal of a denial of motion to dismiss for lack of jurisdiction, because "[t]he question of subject matter jurisdiction is far from unreviewable on appeal from a final judgment." *McClanahan v. Wilson*, 852 F. App'x 145, 145 (5th Cir. 2021) (per curiam) (quoting *In re Greene Cnty. Hosp.*, 835 F.2d at 596).

Court found this principle "[c]ertainly true . . . whenever the question may be saved for disposition upon review of final judgment disposing of all issues involved in the litigation or in some other adequate manner." *Catlin*, 324 U.S. at 236.

Consequently, if jurisdiction exists over this appeal, it does so only by virtue of § 158(a)(3). To appeal by leave of court under § 158(a)(3), an appellant must file a timely notice of appeal that is "accompanied by a motion for leave to appeal prepared in accordance with subdivision (b)." *See* Fed. R. Bankr. P. 8004(a). Non-compliance with the motion requirement does not result in automatic dismissal. *See* Fed. R. Bankr. P. 8003 Advisory Committee Notes. Instead, the courts have "the options to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal. *See id*. These options are set out in Fed. R. Bankr. P. 8004(d).

Although the Court has taken various actions in this case, it has issued no order treating the notice of appeal as a motion for leave. Nor has it yet granted or denied leave at this juncture. It will thus consider the papers filed in this case to decide this preliminary issue. Whether "to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392, 399-400 (5th Cir. 2001). This discretion includes the discretion to hear an appeal of an interlocutory order despite the appellant failing to seek leave to appeal. *Trust v. Raleigh*, No. MO-11-CV-43-H, 2011 WL 13119879, at *1 (W.D. Tex. May 20, 2011). But the "district court only has jurisdiction to hear appeals from interlocutory orders if leave of the court is granted." *Id*. The Court's discretion necessarily includes denying leave to appeal. And whether the parties have ignored the leave requirement is not dispositive.

While the Fifth Circuit has not adopted a particular standard for district courts to use to determine "whether to grant leave to appeal . . . the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders." *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1991).

7

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As recognized in *Ichinose*, this standard may be inapplicable in the current context. *See* 946 F.2d at 1177 ("assuming without deciding that the § 1292(b) test applies"). And it does seem as though a prerequisite to applying this standard should be a written statement by the Bankruptcy Judge which would then prompt this Court's discretion, as a court of appeals, to permit the appeal. Still, § 158(a) authorizes the district courts to grant leave to appeal interlocutory orders. While neither that statute nor any applicable bankruptcy rule provide the standard to apply, § 1292(b) at least provides a standard to use by analogy.

For purposes of this case, this Court has no reason to diverge from the courts that have applied the standard in similar circumstances. So, this Court will also assume without deciding that this standard applies. To satisfy the § 1292(b) standard, "an immediate appeal must materially advance the ultimate termination of the litigation" and involve "a controlling issue of law" that raises a question "where there is substantial ground for difference of opinion." *Id.*

The § 1292(b) factors do not support granting leave to appeal. The Bankruptcy Court overruled Dr. Smith's jurisdictional objection to a motion to compel initial disclosure and request for attorney fees. While standing can be a complex area and there are several nuances, nothing in the filings of this case provides a basis for the Court to find that his challenge presents a question that invokes substantial grounds for differing opinions as to whether Medlegal lacked standing in AP 5082. Further, as recognized in *Catlin*, denials of a challenge to jurisdiction are not immediately

reviewable and are notably saved for later appellate disposition. 324 U.S. at 236. Furthermore, the collateral-order doctrine does not make such challenges immediately reviewable because questions of subject matter jurisdiction are reviewable following a final judgment. *In re Greene Cnty. Hosp.*, 835 F.2d at 596.

Appellant must do more than he has done in this appeal to have this Court invoke its discretion to grant him leave to pursue his jurisdictional appeal. Accordingly, the Court will not grant leave under § 158(a)(3). Without the requisite leave, this Court lacks jurisdiction over the appeal of an interlocutory order of the Bankruptcy Court.

### III. SANCTIONS

In general, a lack of jurisdiction terminates further consideration of an appeal. Here, however, Appellee seeks sanctions under Fed. R. Bankr. P. 8020. An absence of jurisdiction does not preclude courts from issuing sanctions for abusing the judicial process. *See Ratliff v. Stewart*, 508 F.3d 225, 229-30 (5th Cir. 2007). Courts may constitutionally impose sanctions even in the absence of subject matter jurisdiction. *See id*. at 231 & n.7. Requests for fees, expenses, and other sanctions are "part of a court's collateral jurisdiction." *See id*. at 231. Thus, this Court has jurisdiction to sanction Dr. Smith under Rule 8020(a) for filing a frivolous appeal "even though the court does not have jurisdiction to decide the merits of the appeal." *Kenneth Michael Wright, LLC v. Kite Bros., LLC*, No. 2:16-CV-01713, 2017 WL 1319815, at *2 (W.D. La. Apr. 5, 2017), *aff'd sub nom. Kenneth Michael Wright, LLC v. Kite Bros., LLC (In re Kite)*, 710 F. App'x 628 (5th Cir. 2018).

Within its appellate brief, Appellee argues that this appeal is frivolous within the meaning of Rule 8020(a), and asks to award it damages, fees, and costs after notice and an opportunity to be heard. ECF No. 16 at 28. Rule 8020(a) provides a district court discretionary authority to "award just damages and single or double costs to the appellee" if it "determines that an appeal is frivolous." But it may only do so "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R. Bankr. P. 8020(a).

The purpose of Rule 8020(a) is "to discourage litigants from wasting the time and resources of both their opponents and the judicial system with arguments that are without merit." *Hermosilla v. Hermosilla (In re Hermosilla)*, 450 B.R. 276, 287 (Bankr. D. Mass. 2011) (quoting *Transnational Corp. v. Rodio & Ursillo, Ltd.*, 920 F.2d 1066, 1072 (1st Cir. 1990)), *aff'd*, No. BAP MB 11-045, 2011 WL 6034487 (B.A.P. 1st Cir. Nov. 14, 2011). Consequently, "an award of damages under Fed. R. Bankr. P. 8020 serves both to deter future conduct and compensate the aggrieved party." *Id.*

Courts conduct a "two-step process" when considering sanctions under Rule 8020. *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002). The first step is determining whether the appeal is frivolous. *See id.* "Once the appellate court has determined that the appeal is frivolous and that an imposition of sanctions is warranted, the second step under Fed. R. Bankr. P. 8020 is to examine whether the procedural requirements are met." *Id.* In general, this order of consideration makes sense because resolving the appeal typically provides the necessary review to determine the frivolousness issue, and absent a determination that the appeal is frivolous there is no need for procedural compliance. Although the Court recognizes that switching the order may be warranted in cases such as this one where the Court has resolved the appeal on a basis not raised by the parties, it proceeds through the typical two-step order.

**A. Frivolous Determination**

"The standard used to determine whether a bankruptcy appeal is frivolous under Bankruptcy Rule 8020 is the same standard applied to determine whether an appeal is frivolous under Federal Rule of Appellate Procedure 38." *Lewis v. Hill*, No. 4:10-CV-242, 2011 WL 1299613, at *9 (E.D. Tex. Mar. 31, 2011) (citing Fed. R. Bankr. P. 8020 advisory committee's note); *accord Kenneth Michael Wright, LLC v. Kite Bros., LLC (In re Kite)*, 710 F. App'x 628, 631 (5th Cir. 2018) (applying Rule 38 frivolousness standard in case addressing Rule 8020). Because Rule 38 "confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be 'frivolous,'" *Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020), the district courts

likewise have broad discretion when determining whether to award sanctions under Rule 8020.

In general, imposition of sanctions is a case specific endeavor highly dependent on the facts and circumstances of the appeal presented. *See id*. at 397-98. In short, "courts have broad power under Rule 38 [(and Rule 8020)] to sanction inadvertently as well as intentionally frivolous and vexatious appeals." *Id*. at 398. But neither "intentional [n]or even negligent misconduct" is "a pre-requisite to imposing sanctions" for a frivolous appeal. *Id*. at 398 (quoting parenthetically *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1202 (7th Cir. 1987)). Further, "harassment of appellants, delay, and other ill practice are not required elements." *Id*. (omitting alteration and quoting parenthetically *Coghlan v. Starkey*, 852 F.2d 806, 811, 814 (5th Cir. 1988) (per curiam)).

Undoubtedly, a case for "sanctions is strongest in matters involving malice, not incompetence." *Id*. And, not only can the presence of bad faith "aggravate the circumstances justifying sanctions," but "intentional and negligent misconduct" may provide "an added reason for a sanction." *Id*. (quoting parenthetically *Coghlan* and *Hill*). As the Fifth Circuit has recognized, various circumstances may warrant punishment through imposition of sanctions whereas other circumstances may warrant judicial grace for misreading the record, misunderstanding the federal appellate process, and being generally incompetent while not proceeding with malice. *Id*. at 397-98.

With all that said, a sanctioning court must determine that the appeal is frivolous as a prerequisite for imposition of sanctions under Rule 8020(a). The Fifth Circuit has "articulated a high standard for what constitutes a frivolous appeal, holding that an appeal is frivolous only 'if the result is obvious or the arguments of error are wholly without merit' and the appeal is taken 'in the face of clear, unambiguous, dispositive holdings of this and other appellate courts.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 (5th Cir. 2017) (quoting *Coghlan*, 852 F.2d at 811-12). But as recited in numerous Fifth Circuit decisions, both before and after *Streamline*, the standard is simply whether the result of the appeal is obvious or whether the arguments of error are wholly without merit. *See*, *e.g.*, *Conrad*, 958 F.3d at 398 (noting standard parenthetically); *16*

*Front St., LLC v. Miss. Silicon, LLC*, 886 F.3d 549, 561 (5th Cir. 2018); *Credit Union Liquidity Servs, LLC v. Green Hills Dev. Co., LLC (In re Green Hills Dev. Co., LLC*, 741 F.3d 651, 660 (5th Cir. 2014); *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (per curiam). As shown by *Coghlan*, the unambiguous component mentioned in *Streamline* is a means to show that the appeal is frivolous because the result was obvious or the alleged errors wholly without merit given the clear, unambiguous appellate holdings. *See* 852 F.2d at 811-12.

The above articulation comports with the long-standing principle that "[a]n appeal is frivolous if it 'lacks an arguable basis in law or fact.'" *Reynolds v. Boyle*, 679 F. App'x 372, 373 (5th Cir. 2017) (per curiam) (quoting *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001)). As the Fifth Circuit recognizes, the frivolousness "standard is rarely met, and [courts] generally only order sanctions when the 'great weight of the authority . . . [is] clearly on point and [does] not favor the [sanctioned party]." *In re Green Hills Dev. Co., LLC*, 741 F.3d at 660 (quoting *Stevenson v. E.I. DuPont De Nemours & Co.*, 327 F.3d 400, 410 (5th Cir. 2003)).

An untimely appeal that does not bestow jurisdiction on the district court is frivolous within the meaning of Rule 8020(a). *See Kenneth Michael Wright, LLC v. Kite Bros., LLC (In re Kite)*, 710 F. App'x 628, 632 & n.3 (5th Cir. 2018) (upholding Rule 8020(a) sanction award on grounds that the appeal was frivolous because it was untimely). This same principle could apply to an appeal from a non-final order of the bankruptcy court that is insufficient to bestow jurisdiction upon the district court. But, while one could argue that, under the circuit precedent cited in the previous section, the result of the appeal, i.e., dismissal for lack of jurisdiction, appears obvious and taken "in the face of clear, unambiguous, dispositive" appellate holdings, *cf. id.* at 632, such argument does not fully consider the discretion associated with pursuing an appeal of a non-final order of the Bankruptcy Court. Given the discretion vested with the district courts as to permitting an appeal of such a non-final order, it is difficult to view the result of the appeal as obvious in a general matter. Unlike *In re Kite*, an appeal is not necessarily frivolous because the appeal is of a non-final order.

12

The Fifth Circuit has set a high bar for an appeal to be considered frivolous. And that standard cuts against finding the instant appeal frivolous solely because Appellant has appealed a non-final order of the Bankruptcy Court. Further, the Court has found jurisdiction lacking over this appeal based on a ground not asserted by Appellee. While this Court will not discount the possibility that in some circumstances, such an appeal could be deemed frivolous within the meaning of Rule 8020(a), the fact that Appellant – a represented entity – did not assert the basis provides a reasonable question as to whether the basis for dismissal actually exceeds the Fifth Circuit's high bar for finding an appeal frivolous. To find the appeal frivolous in this case, the Court must look beyond the fact that Appellant has appealed a non-final order and that the Court has denied leave to appeal the order.

Appellant raises several issues for appeal and makes various arguments to support them. *See*, *generally*, ECF No. 10. But the Court has not reached those issues given its finding that it lacks jurisdiction over this appeal. Consequently, the Court has not yet conducted a sufficient review of the alleged errors to determine whether they are wholly without merit.

Appellee naturally makes several arguments about the appeal's lack of merit before urging the Court to find it frivolous. Appellee argues that "it is clear from the Complaint that the Bankruptcy Court had subject matter jurisdiction over [AP 5082] and had the ability to enter the Order Denying Objection." ECF No. 16 at 28. Of course, absent jurisdiction, the Bankruptcy Court would have had no authority to overrule Dr. Smith's objection. But because this Court found that it lacks jurisdiction over this appeal, it has had no need to reach the arguments concerning the Bankruptcy Court's jurisdiction or any other argument that might result in a finding that the instant appeal is frivolous.

Because Appellee has requested that the Court find the appeal frivolous for purposes of imposing sanctions, it would be within the Court's discretion to consider the appeal on its merits to determine whether it is frivolous. But, again, several matters favor not doing so.

First, while Dr. Smith is well educated, he is without legal training to the Court's knowledge.

In addition, he proceeds without legal counsel in this appeal, as well as the relevant bankruptcy cases. Pro se status certainly does not excuse filing frivolous appeals or not complying with procedures, but it may be a relevant consideration when deciding whether to impose sanctions for filing a frivolous appeal.

Second, this case primarily concerns principles of standing.[3] *See* ECF No. 10 at 5 (summary of Appellant's arguments). These principles can be difficult to understand and decipher even for those schooled in the legal arts. Here, Appellant's arguments concerning standing include whether Appellee has a justiciable interest in the outcome of the lawsuit, whether Appellee has an interest in the bankruptcy estate, whether Appellee has Article III or prudential standing, and whether Appellee is a person aggrieved. *See id.* at 6-7. Appellant then states several diverse legal principles in support of an argument that the Bankruptcy Court lacks jurisdiction. *See id.* at 8. He finally argues that process defects regarding the Chapter 7 Trustee deprived the Bankruptcy Court of jurisdiction. *See id.* at 8-9. Dr. Smith's various arguments do not reflect one with a firm understanding of the legal principles relied upon. Nevertheless, Appellee attempts to respond to the numerous issues raised by Dr. Smith while also urging the Court to find the appeal frivolous. *See* ECF No. 16 at 15-28.

"Standing in the bankruptcy context differs from the traditional Article III context." *Smith v. Terry (In re Smith)*, ___ F. Supp. 3d ___, ___, No. SA-21-CV-0528-JKP, 2022 WL 3142624, at

---

[3] The Court recognizes that Dr. Smith's third argument concerns mootness rather than standing. *See* ECF No. 10 at 5 (arguing that 50519 Bankr. ECF No. 146 extinguished Appellee's claims under 11 U.S.C. § 523). Because Appellant did not present this argument to the Bankruptcy Court for consideration, it would typically not be considered on appeal. *See Freeh v. Lake Eugenie Land & Dev., Inc. (In re Deepwater Horizon)*, 857 F.3d 246, 251 (5th Cir. 2017) (holding that arguments "cannot be raised for the first time on appeal" and are waived). But given its jurisdictional premise, it could provide a nonfrivolous basis for the appeal. Nevertheless, a review of the bankruptcy record for AP 5091 shows the fallacy of Dr. Smith's mootness argument. Although the Bankruptcy Court had issued a default judgment, it set a hearing on Dr. Smith's objection to such judgment, which it did not overrule until November 2021, which prompted an immediate appeal by Dr. Smith. Under these circumstances, the September 2021 entry of default judgment in AP 5091 had no effect on the Bankruptcy Court's continuing jurisdiction over AP 5082. There was no viable question regarding mootness of AP 5082 when the Bankruptcy Court issued the order appealed in this case. Mootness did not deprive the Bankruptcy Court of jurisdiction to issue the appealed order. Resolution of this appellate issue against Dr. Smith had a clear and obvious outcome. If mootness were the only issue on appeal, the Court would have no difficulty in finding the appeal frivolous.

*2 (W.D. Tex. Aug. 5, 2022) (citing *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018)). From his briefing, it appears that Dr. Smith does not fully understand all of the nuances of standing in its various respects, standing to appeal, standing to bring an adversary proceeding, standing to assert a claim in the underlying bankruptcy action, etc. Nevertheless, reviewing the asserted appellate issues at a cursory level it appears clear that Appellee had standing to bring AP5082 and that the Bankruptcy Court had authority to issue the appealed order. But to affirmatively state that the instant appeal is frivolous would require a more detailed analysis that appears unjustified under the circumstances.

Even when a court faces an "obviously meritless appeal," circumstances may not justify the imposition of sanctions. *See Conrad*, 958 F.3d at 397-98. And that seems to be the case here. Perhaps Dr. Smith earnestly believed he had a valid objection as to standing to press in AP5082 and then on appeal. Or maybe he was acting in bad faith and maliciously increasing legal expense to the Appellee. Given his growing appellate history, the latter may be more likely. But courts "must resolve" issues of sanctions "on facts and evidence – not speculation." *Id*. at 398. And sometimes, it "is a time for grace, not punishment," warranting only a warning about improper conduct. *Id*.

The Court further notes that the Bankruptcy Court's order provides no written explanation for it overruling the objection based on standing. And while this Court is nearly certain that some court has explained or tried to explain the standing concept to Dr. Smith either in his bankruptcy cases or during one of his numerous bankruptcy appeals, no one has pointed to any such explanation. Such an explanation might support a finding that Dr. Smith is acting intentionally and perhaps with some malice, rather than simply misapprehending an often-misunderstood legal principle.

At this point, and for all of the above reasons, the Court declines to find the instant appeal frivolous as required for sanctions under Fed. R. Bankr. P. 8020(a). Without a determination that the appeal is frivolous, Rule 8020(a) does not permit the imposition of sanctions. But the absence of such determination does not preclude the Court from appropriately warning or admonishing Dr.

Smith that the Court may sanction abuses of the appellate process, including sanctions under Rule 8020(a), when appropriate. Although, at this point, the Court does not determine the appeal to be frivolous, it will not foreclose additional consideration if warranted as discussed more in the next section.

## B. Procedural Requirements

While absence of a frivolity determination eliminates the need to address the procedural requirements of Fed. R. Bankr. P. 8020(a), the Court addresses these requirements for reasons that will become obvious as the discussion proceeds. "A prerequisite to awarding sanctions under Bankruptcy Rule 8020 is that the movant meet [sic] the procedural requirements of that rule." *Martinez v. Arce (In re Martinez)*, 397 B.R. 158, 168 (B.A.P. 1st Cir. 2008). In general, this means seeking sanctions "through a separately filed motion." *Id.*

At this juncture, Appellee has not filed a motion for sanctions to present the matter for consideration under Rule 8020(a). Instead, through its appellate brief, Appellee urges the Court to determine that the appeal is frivolous. "A request for sanctions in an appellee's brief is procedurally improper . . . as it does not provide the appellant sufficient notice and opportunity to respond to the request." *Tanzi v. Comerica Bank (In re Tanzi)*, 297 B.R. 607, 613 (B.A.P. 9th Cir. 2003) (quoting with alteration *Marino v. Classic Auto Refinishing, Inc. (In re Marino)*, 234 B.R. 767, 770 (9th Cir. BAP 1999)).

Because courts "strictly enforce[]" the procedural requirements of Rule 8020, courts may summarily deny requests within appellate briefs. *Id.* One court has stated that it "will not entertain a sanctions request that is not presented in a separate motion." *Deutsche Bank Nat'l Trust Co. v. Medina (In re Medina)*, No. BAP NC-18-1078-FBKU, 2018 WL 6565421, at *9 (B.A.P. 9th Cir. Dec. 10, 2018). Another court has recognized the separately-filed -motion requirement as "a strict requirement that shall be complied with and a "[f]ailure to do so entails the denial of the request for sanctions." *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (B.A.P. 1st Cir.

2002); *accord Pena v. Gonzalez (In re Pena)*, 397 B.R. 566, 579 (B.A.P. 1st Cir. 2008) (relying on *Maloni* while noting that "[t]he requirement of a separately filed motion is strict, and failure to comply results in the denial of a request for sanctions"). Other courts have similarly simply denied requests for sanctions that are not presented in a separately filed motion.[4]

This Court has no disagreement that, when an appellee seeks sanctions under Rule 8020(a) without filing a separate motion, it is within the Court's considerable discretion to simply deny the request. And, in the vast majority of bankruptcy appeals, this is the likely chosen course of action. But to find such denial as mandatory removes the discretion inherent in the rule while ignoring other pertinent language within Rule 8020(a). The rule itself specifically provides the district courts discretion to award sanctions after "notice from the court." The crucial matter is that the appellant receives a "reasonable opportunity to respond," whether a request for sanctions is made through "a separately filed motion" or whether through a court notice that presents the sanction issue to the appellant. *See* Fed. R. Bankr. P. 8020(a).

The Court's considerable discretion in this arena thus presents multiple avenues for resolving the ultimate question of sanctions, including requiring a separately filed motion rather than issuing any court notice. When the reviewing court is able to determine that the appeal is frivolous, it may provide the appellee with a deadline to file the required separate motion so as to provide the appellant "an opportunity to contest the appropriateness of such sanctions and the amount of sanctions, if any, to be awarded." *Ihejurobi v. Wells Fargo Bank, N.A.*, No. SAG-19-1391, 2019 WL 5102679,

---

[4] *See, e.g.*, *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 395 (B.A.P. 9th Cir. 2004) (rejecting requests for sanctions "as not being in 'a separately filed motion' as required"), *aff'd*, 170 F. App'x 457 (9th Cir. 2006); *Aziz v. U.S. Bank (In re Aziz)*, No. BAP AZ-16-1133-BTAF, 2017 WL 3494805, at *4 (B.A.P. 9th Cir. Aug. 11, 2017) (as amended) (denying requested sanctions because appellee had "not complied with the separate motion requirement"); *Lee v. Field*, No. CV 19-00237 LEK-WRP, 2019 WL 6094825, at *9 (D. Haw. Nov. 15, 2019) (denying "request for attorney's fees and costs" made within brief); *Sequoia Elec. Underground v. Capriati Constr. Corp. (In re Capriati Constr. Corp. Inc.)*, No. 2:16-CV-01560-APG, 2017 WL 1281875, at *4 (D. Nev. Mar. 31, 2017) (denying "request for attorney's fees and costs because there was no request by separate motion"); *Collins v. Deshikachar (In re Deshikachar)*, No. 15-CV-11679, 2016 WL 826053, at *7 (E.D. Mich. Mar. 3, 2016) (denying request without prejudice because "at this time, there is no separate motion for damages and costs pending before the Court, and the issue of frivolousness has not been fully briefed"), *aff'd*, No. 16-1332, 2017 WL 8236040 (6th Cir. Sept. 29, 2017).

at *3 (D. Md. Oct. 11, 2019) ("Given the ruling herein, the dearth of supportive argument or case law provided for the Debtor's appeal, and the resulting determination that the Debtor's appeal is frivolous, the Court will entertain a separate motion for Rule 8020(a) sanctions."), *aff'd sub nom. Ihejurobi v. Thomas*, 831 F. App'x 664 (4th Cir. 2020). Further, instead of requiring a filed motion, courts have discretionary "authority to require a losing bankruptcy appellant to show cause why the Court should not find [the] appeal to be frivolous and exercise its [Rule] 8020(a) authority to award the winning appellee the cost of defending the appeal." *Benham v. Hagen (In re Benham)*, 220 F. Supp. 3d 1033, 1045 (C.D. Cal. 2016), *aff'd*, 735 F. App'x 332 (9th Cir. 2018).This route also permits courts to provide an opportunity for optional response and reply briefs before issuing a ruling on the Rule 8020(a) issue. *See id*.

In this instance, Appellee has not moved for imposition of sanctions via a separately filed motion. It has instead raised the Rule 8020(a) issue in its appellate brief. While this may be procedurally improper and warrant summary denial of sanctions in some circumstances, Appellee simply appears to be invoking the Court's discretion to issue a notice regarding sanctions and providing Appellant an opportunity to respond through that mechanism. But because the Court has not yet determined whether the appeal is frivolous, such a notice is not warranted.

## C. Conclusion Regarding Sanctions

At this juncture, the Court has not determined the appeal to be frivolous and it has found a court-issued notice and opportunity to respond not warranted. The Court thus denies the request for sanctions within the appellate briefing. Appellee has not separately moved for sanctions under Fed. R. Bankr. P. 8020(a), and at this time, the Court will not consider such a separate motion. As noted earlier, the Court has not foreclosed the possibility of later finding the appeal frivolous. But it will only revisit the issue of sanctions in this case if upon review of Appellant's other appeal pending before the undersigned in Case No. 22-CV-0086-JKP, the Court finds an adequate reason to (1) order Dr. Smith to show cause why the Court should not find this appeal to be frivolous and (2)

exercise its Rule 8020(a) authority to award "just damages" and costs.

### IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this interlocutory appeal for lack of jurisdiction pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8004(d). Contemporaneously, with this Memorandum Opinion and Order, the Court will issue a final judgment dismissing this appeal. Despite the issuance of such judgment, the Court will retain jurisdiction to reopen the issue of sanctions upon the resolution of Dr. Smith's appeal in Case No. 22-CV-0086-JKP.

**IT IS SO ORDERED this 16th day of March 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**